# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| NICOLE STARGELL EL BEY, | : | Case No. 3:24-cv-00219 |
| Plaintiff, | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| COMMON PLEAS COURT OF MONTGOMERY COUNTY JUVENILE DIVISION, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This civil case is before the Court for an initial screening of Plaintiff's Complaint. (Doc. No. 3.) Plaintiff filed this lawsuit against an Ohio juvenile court and three judicial officers of that court, alleging that their custody decisions caused her "babies [to] have been kidnapped and prevented from having a relationship" with her. (*Id*. at PageID 123.) Although Plaintiff is plainly frustrated with the decisions of the juvenile court, she cannot challenge its decisions in this federal court. The undersigned therefore **RECOMMENDS** that the Complaint be **DISMISSED** in its entirety.

## I.     LEGAL STANDARDS

The Court is required to screen Plaintiff's Complaint because Plaintiff is proceeding *in forma pauperis* (or, without paying the filing fees) under 28 U.S.C. § 1915. (*See* Doc. No. 2.) Congress enacted the *in forma pauperis* statute for the purpose of "lower[ing] judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 5, 31

(1992) (discussing Section 1915). However, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. (internal quotations and citation omitted). Therefore, the statute requires the Court to dismiss an *in forma pauperis* complaint to the extent the Court "determines that the action … (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable basis in law when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable basis in fact when the allegations are delusional or rise to the level of being irrational or 'wholly incredible.'" *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true any factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Denton*, 504 U.S. at 32.

The Court must dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal under this standard, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the

complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill,* 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)"). Thus, a complaint must include factual allegations that are both <u>well-pleaded</u> and <u>plausible</u>.

Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept "non-specific factual allegations and inferences"). "[A] legal conclusion couched as a factual allegation" is not well-pleaded and need not be accepted as true. *Twombly*, 550 U.S. at 555; *see 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the law" do not state a claim on which relief can be granted); *Frazier*, 41 F. App'x at 764 (6th Cir. 2002) (courts need not accept "unwarranted legal conclusions").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see also 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotations and citation omitted) ("[T]he sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible

3

inference of wrongdoing."). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Iqbal*, 556 U.S. at 678.

When considering a *pro se* complaint—a complaint filed by a non-lawyer on their own behalf without a lawyer—courts are required to liberally construe it and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard may require "active interpretation in some cases [in order] to construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials" and the Court should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93.

## II. PARTIES, ALLEGATIONS, AND CLAIMS

In this lawsuit, Plaintiff Nicole Stargell El Bey has sued the Common Pleas Court of Montgomery County, Juvenile Division ("Juvenile Court") and three of its judicial officers: Judge Julie Bruns, Judge Helen Wallace, and Magistrate John F. Kolberg. (Complaint, Doc. No. 3, PageID 119-120.) Plaintiff challenges custody decisions issued by Magistrate Kolberg and Judge Bruns. (*Id*. at PageID 122.) It appears that the Juvenile Court awarded legal custody of Plaintiff's two children to their father in September 2023. (Doc. No. 3-4 at PageID 138-143.)

Plaintiff alleges that "witnesses conspired against" her at the custody hearing. (Doc. No. 3, PageID 122.) She states that she "did not surrender [her] right for custody of [her] babies" and was not found to be physically, mentally, or medically incapacitated and unable to care for them. (*Id*.) Nevertheless, the Juvenile Court determined that it was "in the best interest of the children for legal custody to be granted to father." (*Id*. at PageID 138.) Plaintiff argues that the Ohio statute setting out the "best interest" standard "infringes on [her] natural right secured by Title 18 USC 241 & 242 to rear [her] babies and it is unconstitutional." (*Id*. at PageID 123).

Plaintiff alleges that problems have occurred after the custody decision was made. (Doc. No. 3, PageID 123.) For instance, she alleges that her youngest son "was yanked from [her] arms kicking and screaming." (*Id*.) She alleges that she has filed contempt charges, but Magistrate Kolberg has not held the children's father accountable.[1] (*Id*.)

Plaintiff sues under 18 U.S.C. § 241 and 18 U.S.C. § 242. (Doc. No. 3, PageID 120, 123, 125.) These statutes are criminal, not civil, laws for "Conspiracy against rights" and "Deprivation against rights under color of law," respectively. *Kennedy v. Warden, Marysville Reformatory for Women*, No. 2:20-cv-2979, 2021 WL 3578096, at *1 (S.D. Ohio Aug. 13, 2021). For relief, Plaintiff seeks custody of her children. (Doc. No. 3, PageID 125, 127.) She also asks the Court to cancel all contracts between the Juvenile Court and the Montgomery County Child Support Enforcement Agency. (*Id*.)

---

[1] Although the Complaint also includes allegations about the children's father and some police officers, they are not named as defendants and so are not discussed further.

5

### III. DISCUSSION

After carefully reviewing the Complaint, the undersigned Magistrate Judge concludes that this federal case should be dismissed. The reasons for this conclusion are explained below.

### A. This Federal Court Cannot Hear Appeals of State Court Decisions or Overturn Those Decisions.

Although Plaintiff wants this Court to award her custody of her children, this federal district court cannot grant such relief. The Juvenile Court has entered a custody order, and this Court lacks the authority to review and reverse it. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts."). Only the United States Supreme Court can hear appeals from the highest state courts. 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court.").

This Court also cannot *indirectly* invalidate the Juvenile Court's custody order. Under what is called the *Rooker-Feldman* doctrine, district courts are not allowed to hear cases filed by litigants who have lost in state court and who "complain of injuries caused by the earlier state-court judgments." *Exxon Mobil*, 544 U.S. at 284 (cleaned up). As the Sixth Circuit Court of Appeals has explained in a similar case:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any

6

> constitutional claims in state court, because only the Supreme Court may
> hear appeals from state-court judgments.

*McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). A plaintiff cannot avoid this jurisdictional problem "by couching [her] claims . . . in terms of a civil rights action." *Smith v. Lawrence Cnty. Sheriff's Dep't.*, 84 F. App'x 562, 563 (6th Cir. 2003).

Here, because this federal Court is barred from granting the relief that Plaintiff has requested, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED**.

    **B.**    **Plaintiff Cannot Sue to Enforce Federal Criminal Statutes.**

As noted, Plaintiff sues under 18 U.S.C. §§ 241 and 242. These criminal statutes do not allow individuals, such as Plaintiff, to seek to enforce them in this civil case.[2] *See Kelly v. City of New Philadelphia*, No. 5:11-cv-474, 2011 WL 3705151, at *2-3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [he] has no private right of action under either of these criminal statutes"); *Krajicek v. Justin*, 178 F.3d 1294 (6th Cir. 1999) (finding that "the district court properly dismissed the criminal conspiracy claims that [the plaintiff] raised under 18 U.S.C. §§ 241-242, as these statutes do not provide a basis for civil liability.").

---

[2] To the extent that Plaintiff seeks to institute a *criminal* proceeding, she cannot do so. *See Strickland v. Courtright*, No. 23-12756, 2024 WL 1607019, at *3 (E.D. Mich. Apr. 12, 2024) (citing 28 U.S.C. § 547 and Fed. R. Crim. P. 7(c)) (agreeing that a civil plaintiff lacks standing to bring charges under §§ 241-242 and noting that "[o]nly the United States Attorney can initiate criminal charges in federal court").

Because Plaintiff cannot state a claim for relief under these criminal statutes, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED**.

### C. Plaintiff Cannot Sue the Juvenile Court and Its Judicial Officers in This Federal Court.

Even if Plaintiff had asserted a cognizable claim, such as a civil rights claim under 42 U.S.C. § 1983 ("Section 1983),[3] she still could not sue the Juvenile Court and its judicial officers in this federal Court.

#### 1. Plaintiff's claims against the Juvenile Court, and her claims against the judicial officers in their official capacity, are barred by the Eleventh Amendment and sovereign immunity.

The Eleventh Amendment to the United States Constitution generally prohibits individuals from filing federal lawsuits against States. This doctrine, which is known as sovereign immunity, "applies no matter what form of relief a plaintiff seeks against the state or its instrumentality." *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1353-54 (S.D. Ohio 2023) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993) (footnote omitted). Although there are some exceptions, such as when a State has consented to suit, or Congress has abrogated the State's sovereign immunity, *see S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008), these exceptions do not apply here. *See Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) ("Ohio

---

[3] Section 1983 authorizes a cause of action "against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

8

has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983.").

In Ohio, county common pleas courts are considered to be an arm of the State and are covered by the State's immunity under the Eleventh Amendment. *Unknown v. City of Cleveland Police Dep't*, No. 1:19-cv-146, 2019 WL 1877188, at *2 (N.D. Ohio Apr. 26, 2019) (citing *Mumford v. Basinski*, 105 F.3d 264, 269-70 (6th Cir. 1997)). Therefore, the sovereign immunity doctrine bars all claims asserted against the Juvenile Court.

Similarly, claims against state officers (including the judges sued in this lawsuit) in their official capacities are the same as a claim against the State of Ohio. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) (concluding that an Ohio common pleas court was an arm of the state and a claim against a judge of that court was a claim against the state); *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 331 (6th Cir. 2022) (identifying many decisions that agree that "the courts in a State's third branch of government count as arms of the State"). "Because official capacity suits against state officials are suits against their employer—the state—[the state's sovereign] immunity also extends to such officers in their official capacities." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984) and *Will,* 491 U.S. 58, 71 (1989)). While there are some exceptions to this immunity, they do not apply here. *See Thompson v. Branch*, No. 1:24-cv-2, 2024 WL 579756, at *4 (S.D. Ohio Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 4278310 (S.D. Ohio Sept. 24, 2024) (discussing three exceptions to a State's sovereign immunity and concluding that none apply to a § 1983 claim against a state court judge).

9

Accordingly, Plaintiff's claims against the Juvenile Court, and her claims against the judicial Defendants in their official capacities, are barred by sovereign immunity.

### 2. Plaintiff's claims against Magistrate Kolberg and Judge Bruns in their individual capacities fail because of absolute immunity.

Most of Plaintiff's factual allegations concern Magistrate John Kolberg and describe court proceedings that occurred before him. (*See, e.g.*, Doc. No. 3 at PageID 122-23.) Plaintiff makes no specific allegations about Judge Bruns or Judge Wallace, although she attaches some orders issued by Judge Bruns to the Complaint. (*See, e.g.*, Doc. No. 3-4 at PageID 138-143.) For example, Judge Bruns adopted Magistrate Kolberg's decision granting legal custody to the children's father, and made that decision an order of the Juvenile Court. (*Id.* at PageID 139, 142.) It does not appear that Judge Wallace was assigned to or issued any orders in the cases concerning Plaintiff's children. Judge Wallace is mentioned only in an administrative capacity at the end of one decision as the "Clerk, Juvenile Division." (*See* Doc. No. 3-4 at PageID 143.)

As a general rule, judges have absolute immunity for things they do in their judicial capacity, such as making decisions in court cases. *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges are immune even if a party believes they made the wrong decision or acted maliciously or corruptly, as long as they performed judicial acts and had jurisdiction over the subject matter they were deciding. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). "This immunity extends to officials performing discretionary acts of a judicial nature, including magistrates as well as state judges [who are] sued on federal constitutional claims."

*Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich. 1998), *aff'd*, 178 F.3d 1294 (6th Cir. 1999) (table).

Here, the Complaint shows that Magistrate Kolberg and Judge Bruns performed judicial acts in the cases concerning Plaintiff's children when they granted legal custody to the children's father. (*See, e.g.*, Doc. No. 3 at PageID 122 (discussing what happened at a July 21, 2023, court hearing).) Therefore, even if Plaintiff disagrees with their decisions, Magistrate Kolberg and Judge Bruns have absolute immunity from this lawsuit. *See Krajicek,* 178 F.3d at 1294 (holding that a state magistrate and three state court judges had absolute immunity and could not be sued under Section 1983).

### 3. Judge Wallace should also be dismissed because there are no allegations against her.

A plaintiff that sues multiple defendants must describe in the complaint how each defendant violated his or her rights. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific

11

conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

Because Plaintiff does not allege in the Complaint that Judge Wallace took any action that has harmed her, she has failed to state a cognizable claim against Judge Wallace. All claims against Judge Wallace should therefore be dismissed.

## IV.   CONCLUSION

The undersigned Magistrate Judge has carefully reviewed the Complaint as required by 28 U.S.C. § 1915(e). For the reasons stated above, the undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety.

It is further **RECOMMENDED** that the Court **CERTIFY** that an appeal of an order adopting this Report and Recommendations would not be taken in good faith and accordingly **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to these recommendations as discussed in the Notice below. She is advised that she must keep this Court informed of her current address at all times while this case is pending.

**IT IS SO RECOMMENDED.**

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

**Notice of Procedure on Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy of it. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).